[Crim. No. 564.  Third Appellate District.—September 2, 1921.]

# THE PEOPLE, Respondent, v. A. J. WASHBURN, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — EVIDENCE — INSTRUCTION—RETURN OF VERDICT OF SIMPLE ASSAULT.—Where a defendant charged with the offense of assault with a deadly weapon was convicted ·of assault, and the evidence would have amply supported a verdict for the greater offense, it was not reversible error for the court to instruct the jury as to its right to return a verdict of guilty of simple assault, although there was no evidence of such lesser offense.

[2] ID.—CONSIDERATION OF TESTIMONY OF DEFENDANT—INSTRUCTION.— In a prosecution for assault with a deadly weapon, the refusal to instruct the jury that the defendant had a right to take the witness-stand in his own behalf, and that his testimony should be weighed the same as the testimony of any other witness, was not prejudicial where special instructions were given as to their duty with respect to the consideration of all the evidence.

[3] ID.—JUSTIFICATION OF ASSAULT—INSTRUCTION.—An instruction in such a prosecution that if from the evidence the jury believed beyond a reasonable doubt that without any overt act or physical demonstration upon the part of the complaining witness sufficient to warrant the defendant as a reasonable man in believing that he was in great bodily danger, he assaulted such witness with a deadly weapon, such assault would not be justified, was proper against the contention that the conduct, language, and appearance of the complaining witness might justify accused in acting without any overt act or physical demonstration.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Driver & Driver, Sheridan Downey and G. W. Bedeau for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was charged with the offense of assault with a deadly weapon and convicted of assault. There can be no doubt that the evidence would have

amply supported a verdict for the greater offense. Indeed, it is contended by appellant that the evidence "shows clearly that if the defendant was guilty of anything at all he was guilty of assault with a deadly weapon and nothing less. There is no evidence in the records of this case to show that the defendant was guilty of simple assault. . . . The prosecuting witness was hit with an irrigating shovel, four and one-half to five and one-half feet in length, weighing eight to ten pounds, with a steel blade. . . . The defendant admits this—admits he hit the prosecuting witness with an irrigating shovel—admits he broke his arm in thirteen pieces and his only defense for the doing of that act was that it was done in self-defense." For the foregoing reason appellant contends that the court committed grievous error by instructing the jury as follows: "The court has given you instructions covering the crime of assault with a deadly weapon; and also covering the crime of assault, which is included in the charge set forth in the amended information. . . . If you are satisfied beyond a reasonable doubt that the defendant did, as charged in said amended information, make an assault upon Pierce but entertain a reasonable doubt as to whether the same was made with a deadly instrument then you can return a verdict of guilty only for the crime of assault, or as it is sometimes called, simple assault."

[1] In support of his position various decisions are cited to the effect that under such a state of the record, there being no evidence tending to prove a lesser offense than the one charged, it is error for the court to instruct as to said lesser offense or for the jury to find such a verdict. This is the rule not only in other jurisdictions but in this state as well. However, in California the law is held to be that such error is not prejudicial and does not justify the lower court in granting a motion for a new trial or the appellate court in reversing the judgment. The subject received very careful consideration by the second appellate district in the case of *People* v. *Tugwell,* 32 Cal. App. 520, [163 Pac. 508]. In that case the evidence showed beyond question that the defendant was guilty of murder in the first degree, if guilty of any offense at all. Nevertheless, the court instructed the jury that the defendant might be convicted of manslaughter and they fol-

lowed this instruction and so found. In commenting upon this phase of the case, after declaring that the lower court erred in giving such instruction, the appellate court declared that "the error in giving the instruction, however, does not entitle defendant to a reversal of the order appealed from, for the reason that section 1404 of the Penal Code provides that a verdict shall not be set aside and a new trial granted on the motion of a defendant, except for some omission or error prejudicial to his substantial rights." The court further said: "The greater offense, that of murder, includes all of the elements of the lesser, that of manslaughter. The sufficiency of the evidence to prove that defendant unlawfully killed deceased is not and cannot be questioned. This being true, and conceding, as claimed by appellant, that *if defendant was guilty of the unlawful killing,* such act was by the evidence conclusively shown to have been accompanied by malice aforethought, thus making it murder in the first degree, how can it be said that he was prejudiced because the jury, due to the erroneous instruction, did not, as it should have done, find him guilty of the greater offense?"

A hearing of said cause was denied by the supreme court and the decision is controlling upon this point. Of course, the crime of assault is included in the offense charged in the information herein, and since there was evidence of the greater offense, necessarily there was of the lesser. If the jury had found the defendant guilty of assault with a deadly weapon it could not be said that it was not supported and he would not complain on this ground. His position really amounts to a criticism of the action of the jury in rejecting one of the serious elements of the crime charged and rendering a more favorable verdict than the record warranted. For we must assume that the jury believed that he was not justified in making the assault and that if said instruction had not been given they would have found him guilty as charged. (*People* v. *Tugwell, supra.*) There can be no presumption that any of the jurors had any reasonable doubt of the guilt of the defendant or that if said instruction had not been given, a verdict of not guilty or a disagreement would have resulted. We cannot impute any misconduct or want of integrity to any of the jurors, and we must hold that, while believing the defend-

ant guilty of the greater offense, they found some circumstance of mitigation that inclined them to exercise this clemency. At any rate, it cannot be said that the error was prejudicial or resulted in a miscarriage of justice.

[2] Appellant complains because the court refused this instruction: "This defendant, under the laws of California, has a right to take the witness-stand in his own behalf. It is your duty to carefully weigh and consider his testimony as you would the testimony of any other witness. You should not reject and disregard his testimony merely because he is the defendant in this case, but you should apply to his testimony the same rules in determining the credence to which the same is entitled that you would apply to any other witness in the case." This instruction might well have been given but its refusal was not prejudicial. It was not necessary to tell the jury that the defendant had the right to take the witness-stand in his own behalf. The fact that he was permitted to testify would convince them of that right. Besides, no intelligent jury would need such instruction. Nor was the court required to call special attention to the defendant as a witness, since from the general instructions given, the jury must have understood that all the evidence in the case was to be carefully considered and the same rules applied to all the witnesses for determining their credibility. Indeed, the court directed the jury that the defendant "is to be accorded the benefit of the presumption of innocence" and that the evidence must be examined "in the light of this presumption." Moreover, the jurors were expressly admonished that "the fact that the defendant has been arrested and has been charged with an offense and information has been filed against him creates no presumption whatever of his guilt." In view of these special directions and the general instructions that they were the exclusive judges of the weight of the evidence and the credibility of the witnesses, that they were to consider all the evidence in the case and should not act arbitrarily in determining its weight and effect, he would have been a stupid juror that could fail to apply the same measure to the testimony of all the witnesses.

Appellant criticises the action of the court in refusing certain proposed instructions upon the law of self-defense. However, it is quite apparent that the law upon the subject

was fully and correctly given, and this is all that can be required. Indeed, the point of the objection is that ''the instructions given by the court upon the law of self-defense are not near as clear, near as convincing, do not set forth the facts as vividly as the instructions given by the defendant.'' We are not concerned with the question of rhetoric, but it is sufficient for us to perceive that the legal principles applicable to self-defense were presented in clear and simple terms so as to be readily understood.

[3] The only other complaint worthy of notice is that the court erred in giving the following instruction: ''If from the evidence you believe beyond a reasonable doubt that without any overt act or physical demonstration upon the part of the complaining witness, E. A. Pierce, sufficient to warrant the defendant, as a reasonable man, in believing that he was in great bodily danger, he, the said defendant, assaulted the said Pierce with a deadly weapon, as charged in the amended information, then the court instructs you that such assault under such circumstances would not be justified.'' The contention is that ''it. is not necessary for the prosecuting witness to make an overt act or physical demonstration before the defendant is justified in striking him. His conduct, his language, and his appearance may be such that the defendant would be justified in striking him without any overt act or physical demonstration on behalf of the prosecuting witness.'' It is difficult to perceive how there could be any reasonable ground for apprehending great bodily injury in the absence of any *overt act* or *physical demonstration.*

Moreover, such an instruction was approved by the supreme court in *People* v. *Iams,* 57 Cal. 115. Therein the instruction was: ''If from the evidence you believe that without any overt act, or physical demonstration upon the part of the deceased, sufficient to warrant the defendant as a reasonable man in believing that he was in great bodily danger, he, the defendant, fired the fatal shot at the deceased, and killed him, such killing under such circumstances was not justifiable.''

Again, the theory of self-defense was based entirely upon the claim that the prosecuting witness put his hand in his pocket and advanced toward the defendant as though intending to assault the latter. This would constitute, of

course, an *overt act* and a *physical demonstration.* If it did not occur there was no self-defense in the case. Hence, if the instruction, abstractly considered, had been erroneous, as applied to the evidence at the trial it could not be prejudicial.

We find nothing in the record to justify a reversal of the cause and the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.