[Crim. No. 1105.  Third Appellate District.—April 12, 1930.]

## THE PEOPLE, Respondent, v. GENE ALDERSON, Appellant.

S. V. Cornell and E. H. Zion for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the offense of simple assault, upon an information charging an assault by means and force likely to produce great bodily injury. Judgment was entered upon the verdict, fining the defendant in the sum of $125 with an alternative in the county jail. From this judgment and the order denying his motion for a new trial, the defendant appeals.

The record shows that the defendant might very properly have been found guilty of the highest offense charged in the information, as the assault consisted of striking the complaining witness with a stretcher-bar, consisting of a

piece of wood about 2x4x4 feet in length. From the force of the blow the complaining witness suffered two broken ribs.

The appeal is based upon alleged errors of the court in instructing the jury. The instructions assailed are as follows: ''The court instructs you that under the information in this case you may, if the evidence justifies it, find the defendant guilty of either,—1: an assault by means and force likely to produce great bodily injury; or,—2: simple assault.'' And further: ''The court further instructs the jury that an assault is an unlawful attempt, coupled with the present ability to commit a violent injury upon the person of another.'' The contention being made that under the evidence the defendant should have been found guilty either of the highest offense charged in the information or not guilty. Section 1159 of the Penal Code reads: ''The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.''

While unnecessary to cite any authorities to show that the crime of assault is necessarily included in the charge contained in the information in this case, we may refer to the numerous cases cited in the annotations to section 1159 found in Kerr's Cyc. Codes.

As appears by the brief filed by the appellant in this case, many courts have held that while a jury may, without reversible error, find a defendant guilty of a lesser crime included in the charge, such, for instance, as manslaughter, where a defendant is charged with murder, and the evidence shows either that the defendant should be found guilty of murder or not guilty, yet if the court instructs the jury, under such circumstances, that a verdict of manslaughter may be returned, it is erroneous and the judgment will be reversed. Nevertheless, this question has been definitely decided in this state, contrary to the contentions of the appellant that reversal should here follow in line with the cases reaching such a conclusion.

In the case of *People* v. *Tugwell*, 22 Cal. App. 520 [163 Pac. 508], every question presented upon this appeal was thoroughly considered, and the cases bearing thereon set forth and fully analyzed. In that case it was held (quoting from the syllabus): ''In a prosecution for murder, where the evidence shows murder in the first degree, errors in

instructing the jury on the law of manslaughter are favorable and not prejudicial to the defendant, as in view of the definitions of 'murder' and 'manslaughter' it must be assumed that the jury would have convicted the defendant of murder if such instruction had not been given." In this case a petition for rehearing in the Supreme Court, after decision by the District Court of Appeal, was denied.

This court, in the case of *People* v. *Washburn,* 54 Cal. App. 124 [201 Pac. 335], had before it a like question with the one now presented. It was there held (quoting from the syllabus) : "Where a defendant charged with the offense of assault with a deadly weapon, was convicted of assault, and the evidence would have amply supported a verdict for the greater offense, it was not reversible error for the court to instruct the jury as to its right to return a verdict of guilty of simple assault, although there was no evidence of such lesser offense."

█ In the case at bar the evidence shows that the jury might have found the defendant guilty of a much higher offense, and it may be presumed that the jury found the defendant guilty of the lesser offense, upon ascertaining that it was at liberty to do so.

While we have followed with interest the arguments of counsel to the effect that if a jury finds a defendant guilty of a lesser offense, where the testimony establishes a higher, no prejudice is suffered by the defendant and no reversible error is made to appear, yet if the court erroneously instructs the jury that it may do so, prejudice has been caused and the defendant is entitled to a reversal; we cannot agree with counsel that such doctrine should be held to be the law of this state, especially in view of the two cases which we have cited and section 4½ of article VI of the Constitution. If it were to be admitted that the instruction is erroneous, which we do not think to be the case, no reversal could be had herein, for the reason that a consideration of all the testimony shows that no prejudice has been suffered by the defendant, and under section 4½ of article VI of the Constitution the judgment must stand.

We have not reviewed the cases drawing fine distinctions between verdicts rendered by juries where the evidence established a higher offense and instructions given by courts in like instances relative to lesser offenses, for the reason

that under what we consider to be the established law, a discussion of cases drawing such meticulous distinctions and hypercritical refinements have no place in our jurisdictions. Section 4½ of article VI of the Constitution was intended to eliminate just such obstructions to the administration of justice.

The judgment and order are affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.