[Crim. No. 473.   Fourth Dist.   July 17, 1942.]

THE PEOPLE, Respondent, v. AMADO COTA, Appellant.

Reginald L. Knox, Jr., for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of assault with a deadly weapon under section 245 of the Penal Code, it being alleged that on a certain date he committed such an assault by stabbing and cutting the person of one Jesus Sua. A jury found him guilty of simple assault and he has appealed from the judgment and from an order denying his motion for a new trial.

It is admitted that Sua was badly injured through a knife wound inflicted by someone. The appellant throughout has contended that he is not the person who inflicted the wound and that he was not present when the act was done. It is conceded, as it must be, that the evidence is sufficient to have supported a conviction of the crime as charged. It

is earnestly contended, however, that there is no evidence of any felonious act other than the stabbing of Sua with a knife; that if the appellant committed that act he was guilty of an assault with a deadly weapon and not of the lesser crime; that the court erred in giving an instruction in which the jury was told that it might find the appellant guilty of simple assault as being an offense included in the offense charged; that this instruction was prejudicial to him; and that since he was either guilty of the offense as charged, or not guilty, he is entitled to a reversal. In this connection the appellant has moved to correct the transcript in order to show that this criticised instruction was given at the request of the People and not of the appellant. It appears from an affidavit of the trial judge that this instruction was requested by the People and that no instructions were requested by the appellant. For present purposes, we will grant the motion and consider the instruction as one given at the request of the People.

It is well established in this state that it is proper to refuse an instruction as to a lesser offense or degree included in the offense charged where the evidence warrants a conviction, if at all, only for the higher offense or degree. (*People* v. *Rogers*, 163 Cal. 476 [126 Pac. 143] ; *People* v. *Galloway*, 104 Cal. App. 422 [286 Pac. 476] ; *People* v. *Di Donato*, 90 Cal. App. 366 [265 Pac. 978].) It has also been held in this state that it is error to give such an instruction under such circumstances, but it has frequently been held that such error is not reversible unless it appears that the defendant has been prejudicially affected thereby. In *People* v. *Tugwell*, 32 Cal. App. 520 [163 Pac. 508], where this matter was discussed and the authorities considered, the court said: "Counsel for appellant say the jury might have disagreed, but we cannot indulge in such presumption. On the contrary, since the jury found that defendant unlawfully killed Maude Kennedy, the presumption is that, had the instruction complained of not been given, the jury would have found him guilty of murder. Therefore, conceding the effect of the erroneous instruction was to cause the jury to bring in a verdict for a lesser offense, nevertheless defendant is in no position to complain, since he is not prejudiced by reason thereof." In *People* v. *Washburn*, 54 Cal. App. 124 [201 Pac. 335], the appellant, who was charged with an assault with a deadly weapon, was convicted of simple assault in accordance with

an instruction authorizing such a verdict. In considering a contention similar to that here made the court there said: "There can be no presumption that any of the jurors had any reasonable doubt of the guilt of the defendant or that if said instruction had not been given, a verdict of not guilty or a disagreement would have resulted. We cannot impute any misconduct or want of integrity to any of the jurors, and we must hold that, while believing the defendant guilty of the greater offense, they found some circumstance of mitigation that inclined them to exercise this clemency. At any rate, it cannot be said that the error was prejudicial or resulted in a miscarriage of justice." To the same effect, see *People* v. *Alderson*, 105 Cal. App. 202 [287 Pac. 362], where the giving of a similar instruction resulted in a verdict of simple assault although the evidence indicated guilt of a higher offense.

The appellant argues that such cases are to be distinguished from the instant case in that in all of the cases cited the defendant admitted the commission of the act in question but pleaded self defense or other justification, whereas here this appellant at all times denied that he had struck or stabbed the prosecuting witness. It is, therefore, argued that in such a case as this where the appellant is guilty, if at all, of one crime only, it was error to instruct the jury that it may convict him of a lesser and included offense and that such error is prejudicial in that the appellant's chance for an acquittal was lessened. In *People* v. *Alderson, supra,* and in some of the other cases cited in the briefs, but to which we have not referred, it does not appear whether or not the defendant admitted the act in question while claiming justification. In *People* v. *Tugwell, supra,* it does appear that the defendant strenuously denied that he was the person who had taken the life of Mrs. Kennedy. In our opinion, the distinction thus relied on is not sufficient to take this case out of the rules which have been rather consistently followed in this state.

The entire question here was whether the appellant was the person who had inflicted the knife wound in question. If the jury had had any reasonable doubt that he was that person it was its duty to acquit him and it was so instructed. Having found him guilty at all they necessarily found that he was the person who had inflicted the wound and, having so found, it cannot be assumed that in the absence of this

instruction they would have acquitted the defendant in flagrant disregard of the facts found, of their duty and of the court's instructions. It is more reasonable to believe that the giving of this instruction afforded the jury an opportunity, which it improved, to deal more leniently with the appellant than was otherwise warranted by the evidence which they accepted as true, than to believe that it found that the appellant was not the person who inflicted the wound but disregarded that finding and found him guilty anyway. So far as disclosed by, or may be inferred from, the record, the appellant was benefited rather than prejudiced by this instruction which, although it should not have been given, was too favorable to him.

It may be further observed, although not controlling here, that an affirmance of this judgment will be much more beneficial to the appellant than would be a reversal. He was sentenced to six months in the county jail with credit for time already served. It would seem to appear that his sentence will be completed before any judgment of this court can become final and any necessity for a new trial would now probably injure him to a far greater extent than any error of which he complains.

The judgment and order are affirmed.

Marks, J., concurred.