LAWRENCE WALTER SEPULVEDA, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 6365

December 21, 1970                    478 P.2d 172

*Robert G. Legakes,* Public Defender, and *David M. Schreiber,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Gary Logan,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Lawrence Walter Sepulveda was tried before a jury and convicted of involuntary manslaughter under NRS 200.070[1] on April 30, 1970.

Sepulveda and a co-defendant had been charged in the stabbing murder of Lowell David Young on November 7, 1969 in Las Vegas. Witnesses testified that Sepulveda and his co-defendant fought with Young and in the process of the fight Sepulveda pushed Young against a car and kicked him. Sepulveda and other witnesses testified that he pushed Young in an effort to break up the fight and at no time kicked Young. In the course of the altercation Sepulveda's co-defendant inflicted the fatal stab wounds upon Young.

Appellant asserts that the involuntary manslaughter instruction and conviction were improper since the stabbing was an intentional act done by another, and therefore he could not be convicted under the terms of NRS 200.070. In this assertion appellant overlooks the well-settled rule that one may be found guilty of a lesser offense necessarily included in the offense charged. NRS 175.501. The offense of involuntary manslaughter is necessarily included in a charge of murder. State v. Oschoa, 49 Nev. 194, 242 P. 582 (1926).

Upon the evidence adduced, the jury might well have found

[1]"200.070 *Involuntary manslaughter defined.* Involuntary manslaughter shall consist in the killing of a human being, without any intent so to do, in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner. . . ."

appellant guilty of the more serious offenses charged, as a principal within NRS 195.020.[2] Appellant did not object to the submission of the involuntary manslaughter instruction and it is apparent that the evidence supported a finding of guilt as to the more serious charge. Therefore, appellant benefitted from the submission of this instruction which, on its face, does not seem applicable to him. For these reasons, appellant may not now be heard to object at this time. People v. Washburn, 201 P. 335, 336 (Cal.App. 1921).

Affirmed.

---

[2]"195.020  *Who are principals.*  Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."