[Crim. No. 299.   In Bank.—September 23. 1897.]

## THE PEOPLE, Respondent, v. CASS COLVIN, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—PREVIOUS TROUBLE—TENDENCY TO DISGRACE DEFENDANT.—Upon the trial of a defendant charged with murder, the prosecution is entitled to show any previous difficulties or troubles that had arisen between the defendant and the deceased, in order to indicate the state of mind of the defendant at the time of the killing. This showing is not limited to physical encounters, but may consist solely in an affray of words; and this character of evidence is admissible, however much it may tend to disgrace and injure the defendant in the estimation of the jury.

ID.—GENERAL STATEMENT OF NATURE OF TROUBLE—MATTER OF DETAIL—MOTION TO STRIKE OUT—IMPROPER OBJECTION.—A witness may be properly asked to make a general statement of the nature of any preceding trouble between the defendant and the deceased; but the location of the right or wrong of the trouble is immaterial, and the evidence should not be introduced in detail; yet, if the answer of the witness includes any objectionable matter of detail, the wrong can only be remedied by a motion to strike it out, and, if no such motion is made, the evidence cannot properly be objected to on the ground that it tends to disgrace and injure the defendant in the estimation of the jury.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.   J. R. Webb, Judge.

The facts are stated in the opinion of the court.

Walter D. Tupper, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant appeals from a judgment rendered against him, and also from an order denying his motion

for a new trial. He has been convicted of the crime of murder, and sentenced to life imprisonment. The grounds relied upon for reversal of the judgment and new trial are few, and not of serious importance.

The defendant and the deceased had been working at a logging camp. The defendant, with his valise in his hand, preparatory to leaving the camp, passed the house where deceased and his wife, who was a sister of defendant, were living. The sister appeared at the door as defendant was passing by and said: "Cass, this is the third time you are leaving; if I was you, I would stay." This remark precipitated the trouble which resulted in the death of the woman's husband a few minutes thereafter. As a witness for the prosecution she testified that she made the foregoing remark. Upon cross-examination defendant's attorney asked:

"Q. Why did you speak to him? A. I was glad he was leaving the camp.

"Q. Well, what was your reason, then, for speaking to him, telling him you hoped he would stay away? A. Well, we would not have quite so much trouble on our hands, is why I was glad."

In redirect examination by the prosecution the following occurred:

"Q. Why was you glad he was leaving the camp? A. Well, so that we would not have so much trouble on our hands.

"Q. Well, then, if you said to Mr. Tupper you would have less trouble, I want you to explain to the jury what you meant by trouble—what trouble? A. He drank. He would spend all of what he made, and we helped him along as much as we could, and his wife would come and tell us things he would do, and then she would go back and say things that I would say, when I never said a word of harm of my brother, and that kept him so he done what he done."

This evidence of the witness came before the jury under defendant's objection. It is now claimed by the defendant that it tended to degrade and injure him in the minds of the jury, and therefore was prejudicial to his rights. Conceding the evidence had the tendency claimed for it, still, if it was competent for any purpose, its tendency to prejudice the minds of the jury against the defendant would be no reason to deny its admission

as evidence.  Defendant's counsel drew from the witness that "trouble" had previously arisen between the defendant and herself and husband.  Thereupon arose the inquiry upon the part of the prosecution, What was this trouble?  Such an inquiry was clearly proper.  It would have been proper upon the part of the prosecution in establishing its case in chief to have proven previous trouble between these parties, for the purpose of showing the existence of malice in the heart of the defendant when the killing took place.  Such being the fact, it was certainly entirely proper for the prosecution to examine into the question, when it had already been touched upon by the defense.  If the inquiry addressed to the woman as to the nature of this trouble to which she referred had developed the fact that a physical encounter had at some time in the past taken place between these men, the competency and admissibility of such evidence could not be questioned for a moment.  Such being the rule of law, it is evident that the question asked was entirely proper.  If it be conceded, for present purposes only, that the answer went too far and entered too much into detail, then defendant's remedy was by motion to strike out, and an exception to the ruling of the court in allowing the question would not meet the difficulty.  To indicate the state of mind of the defendant at the time of the killing the prosecution is always entitled to show any previous difficulties or troubles that have arisen between the parties, and this showing is not limited to physical encounters, but may consist solely in an affray of words; and this character of evidence is admissible, however much it may tend to disgrace and injure the defendant in the estimation of the jury.  An objection to its admission upon such ground is not at all tenable.  At the same time this character of evidence may not be introduced in detail.  The location of the right or the wrong of the previous trouble is immaterial.  As was said in *People v. Thomson*, 92 Cal. 512: "For the purpose of showing malice on the part of the defendant, the prosecution is entitled to prove that the parties to the homicide had had difficulties upon previous occasions. These matters may be shown in a general way, and it is not proper to enter into an examination of them in detail for the purpose of determining which of the parties was in the wrong."  In this view of the case, if the answer of the witness included any objec-

tionable matter, the wrong could only be reached by motion to strike out, and such motion was not made.

We find no error in the law given to the jury by the court. The instruction bearing upon the question of mutual combat is supported by *People v. Hecker*, 109 Cal. 462. The instruction as to the manner of weighing the testimony of a witness false in part finds full support in *People v. Treadwell*, 69 Cal. 226. The instruction as to self-defense, which was refused, was substantially given in the charge of the court.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., Harrison, J., McFarland, J., Henshaw, J., and Temple, J., concurred.