[No. 12437.   Department Two.   March 22, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES A. SNYDER, *Appellant*.[1]

WITNESSES—COMPETENCY—DIVORCED SPOUSES.   Under Rem. & Bal. Code, § 1214, providing that neither spouse shall be a witness for or against the other without the latter's consent, "nor shall either, during marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during marriage," a divorced wife is a competent witness against her former husband as to acts and facts occurring during the marriage relation, when her testimony does not involve communications made by him to her arising from the confidence induced by such relation; hence a wife, after divorce, may testify as to facts corroborating a charge of rape committed by the former husband on his stepdaughter.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered January 7, 1914, upon a trial and conviction of rape.   Affirmed.

*O. O. Felkner*, for appellant.

*F. A. Kern* and *Newton Henton*, for respondent.

MAIN, J.—The defendant in this case was, on the 1st day of November, 1913, by information, charged with the crime of unlawfully, feloniously, carnally knowing a certain female child under the age of 15 years, and not the wife of the defendant.   In the information, the crime is alleged to have been committed on or about the 1st day of June, 1911.   To the information the defendant pleaded not guilty.   The jury returned a verdict of guilty as charged.   A motion for a new trial being made and overruled, judgment was entered upon the verdict and sentence imposed.   From this judgment and sentence, the appeal is prosecuted.

The female child mentioned in the information was the stepdaughter of the defendant; the mother of the child was his then wife.   Subsequent to the time when the crime is al-

[1]Reported in 147 Pac. 38.

leged to have been committed, and prior to the date of the trial, the wife of the defendant had been divorced from him. Upon the trial, and over the objection of the defendant, the divorced wife was permitted to testify to certain corroborative acts and facts. At the time when the crime was committed, the law making corroboration necessary in cases of this character had not been repealed. Laws of 1913, ch. 100, p. 298.

The facts in this case, as shown by the testimony of the witnesses on behalf of the state, are of such a revolting character that they will not here be further detailed. The principal question in the case is whether a divorced wife can testify against her former husband as to facts or acts occurring during the marriage relation. The statute, Rem. & Bal. Code, § 1214 (P. C. 81 § 1033), after providing that the husband shall not be examined for or against his wife as a witness without the consent of the wife, nor the wife for or against the husband without the consent of the husband, continues:

"Nor shall either, during marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during marriage."

Under this statute the divorced wife was a competent witness against the appellant, except as to communications made by one to the other during the marriage. *State v. Nelson,* 39 Wash. 221, 81 Pac. 721.

"Any communication," as mentioned in the statute, means confidential communications, or such as are induced by the marriage relation. *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819; *In re Van Alstine Estate,* 26 Utah 193, 72 Pac. 942; 4 Wigmore, Evidence, p. 3263. The acts and facts testified to by the former wife were in no sense confidential communications, or such as were induced by the marriage relation. One fact to which she testified was, that on a certain occasion she found her then husband in the act of sexual intercourse with her daughter, the complaining witness.

The other questions presented in the appellant's brief have been considered, but in none of them is there substantial merit.

The judgment will be affirmed.

MORRIS, C. J., FULLERTON, CROW, and ELLIS, JJ., concur.