[Crim. No. 806.    Third Appellate District.—September 13, 1924.]

THE PEOPLE, Respondent, v. E. H. LANGLOIS et al.,
Appellants.

[1] CRIMINAL LAW—FORGERY—VERDICT—EVIDENCE—APPEAL.—In this
prosecution for forgery of checks, the evidence was sufficient to
support the verdict of guilty, and this being so, the appellate
court has no right to order a reversal simply because of contrary
testimony.

[2] ID.—INSTRUCTIONS.—In such prosecution, where the jury was in-
structed very carefully and particularly that the defendants could
not be found guilty unless all the specific elements of the crime
charged were found by the jury beyond a reasonable doubt, it
became immaterial that the jury was not charged that they could
not find the defendants guilty of forgery, because the testimony
also showed that some other offense was committed.

[3] ID.—TESTIMONY OF DEFENDANT—INSTRUCTIONS.—While it is not
prejudicial error to give an instruction concerning the standard
by which the testimony of a defendant should be judged, such
an instruction ought not to be given, because of its being an
invasion of the right of the trial jury to pass upon the facts.

(1) 17 C. J., p. 264, sec. 3594; 26 C. J., p. 971, sec. 137.    (2) 16
C. J., p. 1063, sec. 2506.    (3) 16 C. J., p. 1019, sec. 2443.

APPEAL from a judgment of the Superior Court of Yuba
County and from an order denying a new trial. Eugene
P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Carlin and W. P. Rich for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondents.

PLUMMER, J.—The defendants were found guilty of the
crime of forgery and appeal to this court from the order
denying their motion for a new trial and the judgment of

1.  See 8 Cal. Jur. 587; 2 R. C. L. 193.
2.  See 8 Cal. Jur. 360; 14 R. C. L. 750.
3.  See 8 Cal. Jur. 356.

the court pronounced upon the verdict, finding them guilty of the offense charged in the information.

Two reasons are assigned for the reversal of the judgment and order above named; first, that the testimony is insufficient to sustain the verdict; secondly, that the court refused to give certain instructions asked for by defendants. The testimony shows that the defendants passed the checks referred to in the information. The only question was whether the signature thereto was genuine or forged; and if forged, were the defendants responsible therefor. The defendant E. H. Langlois, during the time covered by the passing of the check, was the bookkeeper for the Eng Construction Company, and in such capacity was accustomed to make out checks for the payment of bills against the company, which checks were always signed by the superintendent of the company named J. W. Keate. The checks passed by the defendants, and especially the one in controversy in this action, appear to have been drawn in favor of one James Wise in payment of a labor claim against the company and signed by J. W. Keate. Both defendants participated in the passage of the check just referred to. On the part of the prosecution it was contended that the signature purporting to be that of J. W. Keate was actually in the handwriting of the defendant Violet Langlois. This contention was supported by the testimony of a handwriting expert, who made an examination thereof, having before him admittedly genuine signatures of the defendant Violet Langlois. Other witnesses testified that they thought the signature the handwriting of J. W. Keate. J. W. Keate himself testified that it was not in his handwriting. [1] If believed by the jury, there unquestionably appears sufficient testimony in the transcript to support the verdict. This being true, this court has no right to order a reversal simply because of contrary testimony. The two instructions referred to, asked by the defendants, and refused to be given by the trial court, are as follows, first:

"I instruct you that even if you should believe from the evidence in this case that the defendants may have committed some offense other than the offense of forgery, namely, the charge laid in the information, you will not be at liberty to find them or either of them guilty unless you find from

the evidence to a moral certainty and beyond all reasonable doubt that they did actually commit the offense of forgery as charged in the information.''

And, secondly: ''I further instruct you that in this action the defendants have taken the stand as witnesses in their own behalf. The fact that they are defendants in the action makes no difference in your duty to give all due and proper weight to their testimony. It is your duty to give due weight and consideration to their testimony in this case, and if convincing and carrying with it a belief in its truth, it is your duty to act upon it.''

[2] The first instruction above set forth contains within itself nothing objectionable, but an examination of the record shows that the trial court very carefully instructed the jury as to every material point covered by the issues, and that the giving of such instruction would have in nowise aided the jury in reaching a conclusion. The jury was instructed that the burden rested upon the prosecution to establish every element necessary to constitute the guilt of the defendants to a moral certainty and beyond a reasonable doubt; that the crime alleged in the information and every fact material to constitute such crime must likewise be proved beyond a reasonable doubt, and that if the jurors entertained any reasonable doubt upon any single fact or element necessary to constitute the crime it was the duty of the jury to acquit. The jury was likewise instructed that before they could convict, they must necessarily find, beyond a reasonable doubt, that the purported signature was a forgery, that the defendants knew it was a forgery, that the defendants were the ones who committed the forgery, and that it was all with felonious intent, etc. Having been instructed, as we have said, very carefully and particularly that the defendants could not be found guilty unless all the specific elements of the crime charged were found by the jury beyond a reasonable doubt, it becomes immaterial that the jury was not charged that they could not find the defendants guilty of forgery, because the testimony also showed that some other offense was committed.

[3] As to the refusal of the trial court to give the instruction relating to the testimony of the defendants, it appears to be pretty well settled by the recent decisions of

this court that, while it is not prejudicial error to give such an instruction, such an instruction ought not to be given, because of its being an invasion of the right of the trial jury to pass upon the facts. In 8 Cal. Jur., section 394, this question is considered and a number of authorities cited. We adopt the language of that section as expressing our views of the law: "While the rule against singling out the testimony of a witness and instructing with reference to his testimony is especially applicable if the witness be the defendant, it is not reversible error to instruct the jury that his testimony is to be weighed by the same standard as the testimony of other witnesses. It is usual and proper to give an instruction to the effect that the defendant's testimony should not be rejected solely because he stands accused of a crime, but should be fairly and impartially judged under the rules of evidence given. But inasmuch as this is on the border line of error and is subject to the objection that it singles out the testimony of a single witness, it may be refused, and particularly when general instructions relating to all the witnesses are given. An instruction that the jury are bound to presume that the defendant has spoken the truth, and is entitled to full credit, unless that presumption is legally repelled by his evidence, is of doubtful propriety and may be refused, although it would not be prejudicial error to give it. It is perhaps unnecessary to instruct a jury as to their right to reject the testimony of the defendant if they do not believe it."

In *People* v. *Washburn,* 54 Cal. App. 124 [201 Pac. 335], this court, speaking through Justice Burnett, held that the refusal to give a similar instruction was not prejudicial. In that case the refused instruction read as follows: "This defendant, under the laws of California, has a right to take the witness-stand in his own behalf. It is your duty to carefully weigh and consider his testimony as you would the testimony of any other witness. You should not reject and disregard his testimony merely because he is the defendant in this case, but you should apply to his testimony the same rules in determining the credence to which the same is entitled that you would apply to any other witness in the case."

In *People* v. *Brown,* 62 Cal. App. 96 [216 Pac. 411], the appellate court of this state, speaking through the second appellate district, disposes of this question as follows: "More-

over, the concluding part of the requested instruction, that which says that the testimony of the defendant in a criminal case 'is to be weighed by you in the same light as the testimony of any other witness in the case,' justified the refusal of the whole instruction. . . . Any instruction at all as to the credibility of any witness, or the weight to be given to his testimony, is violative of section 19 of article VI of the constitution, which provides that 'judges shall not charge jurors with respect to matters of fact,' '' citing several cases.

Upon application for rehearing the supreme court in *People* v. *Brown,* 62 Cal. App. 104 [216 Pac. 411], held that it was unnecessary to decide whether all of the requested instruction was erroneous, as a part thereof precluded the giving of the instruction as requested.

It will thus be seen that the singling out and calling attention to the testimony of a particular witness is not in accordance with the better practice in criminal cases and infringes closely upon the forbidden line of instruction to juries upon matters of fact. In the instant case, we think the trial court in its instructions gave to the jury all that could be reasonably asked for when it stated that, ''The court does not instruct you in regard to the value and effect of evidence, for you are the judges of the value and effect of evidence addressed to you and of the credibility of the witnesses. Your power of judgment of the effect of evidence, however, is not arbitrary, but is to be exercised with legal discretion and in subordination to the rules of evidence. You have no right to go outside of the evidence admitted by the court, and you have no right to reject arbitrarily the evidence of any witness. You must fairly consider all of the evidence in the case.''

The last sentence of the quoted instruction explicitly informs the jury as to its duty, to wit, to fairly consider all of the evidence in the case. That instruction included the evidence offered by the defendants, as well as that offered by the prosecution, and after giving such instruction, even if there were no other objection thereto, it would only be a matter of extra labor on the part of the court to particularize as to the testimony of any witness testifying in the case.

The order and judgment appealed from are affirmed.

Finch, P. J., and Hart, J., concurred.