[Crim. No. 1030.  Third Appellate District.—June 14, 1928.]

THE PEOPLE, Respondent, v. R. A. KHAN, Appellant.

Luke Howe, O. F. Meldon and H. K. Landram for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the crime of assault with a deadly weapon with intent to commit murder. He was convicted of simple assault and his motion for a new trial was denied. This appeal is from the judgment of conviction and the order denying a new trial.

The evidence is sufficient to justify the conviction. The prosecuting witness testified that while he was running away from the defendant the latter fired three shots at the former, the second shot taking effect. Another witness testified that shortly after the shooting he found the prosecuting witness lying in the road; that "he was shot in the right

shoulder''; and that he said, ''Khan shot, Khan shot.'' This witness notified the sheriff, who reached the scene of the shooting a few minutes later. The sheriff testified that the prosecuting witness ''had been shot.''

Prior to the shooting the prosecuting witness had instituted an action against the defendant for the alienation by the latter of the affections of the former's wife. The case was on trial during the day of the shooting, the shooting taking place in the evening. For the purpose of showing motive, the prosecution introduced in evidence, over the defendant's objections, the complaint, summons, and answer in that action. The complaint, among other allegations, averred that at various times the defendant had sexual intercourse with complainant's wife. The answer denied all allegations of wrongful conduct. The prosecuting witness testified that immediately prior to the shooting he was approached by the defendant, who said, ''You know who I am, you take me in court.'' This testimony tends to show that the defendant's desire to injure the prosecuting witness was aroused by the prosecution of the civil action against him. It was material for the prosecution to show the nature of the civil action and the seriousness of the charges made therein against the defendant, not for the purpose of establishing the truth of the facts charged, but of proving that the charges were made and the consequent ill feeling probably engendered thereby in the mind of the defendant. (*People* v. *Colvin,* 118 Cal. 349, 351 [50 Pac. 539]; *People* v. *O'Bryan,* 165 Cal. 55, 59 [130 Pac. 1042]; *People* v. *Argentos,* 156 Cal. 720, 724 [106 Pac. 65]; *People* v. *Gibson,* 106 Cal. 458, 475 [39 Pac. 864]; *People* v. *Holloway,* 28 Cal. App. 214, 217 [151 Pac. 975]. See, also, *People* v. *Soeder,* 150 Cal. 12, 15 [87 Pac. 1016]; *People* v. *Cook,* 148 Cal. 334, 339 [83 Pac. 43]; *People* v. *Brown,* 130 Cal. 591, 594 [62 Pac. 1072]; *People* v. *Botkin,* 9 Cal. App. 244, 253 [98 Pac. 861].) The rule admitting such testimony is not unlike that applicable to the impeachment of a witness on account of ill feeling against a party or interest in the result of the trial. In such cases the extent of the difficulty causing the ill feeling or the extent of the interest of the witness may be shown. (Wigmore on Evidence, sec. 951; *People* v. *Fleming,* 166 Cal. 357, 383 [Ann. Cas. 1915B, 881, 136 Pac. 291].) Doubtless the court would

have instructed the jury, had the defendant so requested, that the pleadings in the civil action were not to be considered as evidence of the facts therein alleged. It must be presumed that the jurors were men of ordinary intelligence, and, if they were, they knew that such pleadings were not to be so considered.

■ Appellant complains of the court's refusal to give three instructions requested by him. The first singles out the prosecuting witness and lays down rules for determining his credibility. The second states that the law presumes the defendant to be of good character. However, no testimony bearing on his good character was offered. The third singles out the defendant and states rules for weighing his testimony. It has been held so often that it is not error to refuse to give instructions to the effect stated, under the circumstances shown, that it is deemed sufficient to call attention to the text and cases cited in 8 California Jurisprudence, pages 294, 344, and 356.

The judgment and order are affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1928.

All the Justices present concurred.