[Crim. No. 2430. Second Appellate District, Division One.—January 2, 1934.]

THE PEOPLE, Respondent, v. LEONARD M. WOODWARD, Appellant.

Arthur S. Guerin and Hal Hughes for Appellant.

U. S. Webb, Attorney-General, for Respondent.

CONREY, P. J.—By verdict of the jury in the trial of this action the defendant was found guilty of violation of section 653f of the Penal Code, as charged in the indictment. By the indictment the defendant was accused of said crime, described as "soliciting the commission of a crime, to-wit, the offer and acceptance of a bribe", as follows, to wit: that the defendant did "solicit Bonner Adams, S. M. Haskins and A. B. Miller to offer and join in an offer of a bribe to one J. S. McKnight, and one Roy L. Donley", then duly

elected, etc., councilmen of the city of Los Angeles, and other then duly elected, etc., members of the city council of said city, "for the purpose and with the intent to corruptly influence each and all of said City Councilmen, in his and their action in a matter and subject then and there pending before them as such City Councilmen" and then and there pending before said city council, to vote in favor of the approval of a contract described in the indictment, the nature of which contract may be more briefly indicated by calling it the garbage disposal contract. The appeal is from the judgment of conviction and from an order denying defendant's motion for a new trial.

The first ground of appeal is that defendant was "not properly convicted" of said crime. In relation to this point appellant directs attention to the fact that several of the members of the council, each for himself testified that he did not at any time request or authorize the defendant to solicit money for him for the purpose of influencing his vote in the matter of said garbage disposal contract; and that it was stipulated that all the other city councilmen of that period of time, if called as witnesses, would answer the question in the same form as those who did testify. In other words it may be conceded that there is no direct statement by any witness to the effect that appellant was authorized by any councilman to solicit a bribe for him. From this the argument is made that as to appellant, "the worst construction that might be put on his act under the People's evidence was that he sought to obtain from the said A. B. Miller a sum of money which he intended to convert to his own use and profit". In other words, it is claimed that defendant's conviction of seeking to induce another to accept a bribe is against the evidence, since the prosecution by its own witnesses has shown that no councilman had authorized appellant to solicit a bribe.

"The word 'bribe' signifies anything of value or advantage, present or prospective, or any promise or undertaking to give any, asked, given, or accepted, with a corrupt intent to influence, unlawfully, the person to whom it is given, in his action, vote or opinion, in any public or official capacity." (Pen. Code, sec. 7, subd. 6.) When any person solicits another to offer or join in the offer of a bribe, the

solicitor has thereby committed one of the offenses described in section 653f of the Penal Code. A preliminary authorization by the person to whom it is proposed to give the bribe is not an element of the crime of soliciting a person to offer or join in the offer of a bribe. Therefore it must be concluded that the mere absence of such authorization furnishes no reason for holding that the evidence fails to sustain the verdict in this case.

Following the terms of description of the crime in section 653f of the Penal Code, it is provided: "Such offense must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances." It is contended by appellant that the evidence in this case does not conform to either one of said requirements. We are of the opinion that even if it should be conceded that the offense was not proved by the testimony of two witnesses, it must be held that it was proved by the testimony of one witness and corroborating circumstances. The proposed garbage disposal contract was to be a contract with a corporation called Fontana Farms Company, of which the witness A. B. Miller was the president. It cannot be questioned that Mr. Miller's testimony concerning appellant's conversations with him constitutes direct evidence of the commission of the offense. He testified that at the close of the interview in which the bribe was suggested to him by appellant, he said to appellant, "If there is any more conversation I want you to talk to my attorney, Sam Haskins." Following that interview appellant sought and obtained an interview with Mr. Haskins. Mr. Haskins testified to the conversation between appellant and himself in that interview. Among other things we find the following: "And then he said, 'Now, about this garbage disposal contract, don't you think the easiest way is the best way?' I said 'What is the easiest way?' He replied, 'Well, you know what I have told your client, Miller?' I said 'Yes', and I said that I had been practicing law in Los Angeles for many years and that I did not do business that way." There is also to be considered the testimony of Bonner Adams and of Charles Burnell concerning a conversation between Adams and appellant, some of which was heard by Burnell. It is contended by appellant that these conversations are without

corroborative value because they contain no direct statement showing what conversation had occurred between appellant and Miller. But a reading of the testimony of these three witnesses, Haskins, Adams and Miller, leaves no doubt that they were discussing the same matter which appellant had discussed with Mr. Miller, and that they all related to appellant's suggestion or proposal that money be expended among some of the councilmen in order to obtain approval of the proposed contract. We think that the evidence is entirely sufficient to constitute proof of defendant's guilt, in accordance with the conditions defined by the statute.

■ Appellant's next point is that the court erred in failing to give his requested instruction No. 40. It has been held time and again that it is not error to refuse to give an instruction which singles out the defendant and states rules for weighing his testimony. (*People* v. *Oliver*, 7 Cal. App. 601, 605 [95 Pac. 172]; *People* v. *Khan*, 92 Cal. App. 534 [268 Pac. 701].)

■ The next point suggested is that the court erred in giving the instruction defining the two classes of evidence known as direct evidence and circumstantial evidence. It is claimed that the instruction is incompatible with the language of the Penal Code, section 653f, because the jury were told that the law knows no distinction between circumstantial evidence and direct evidence in the degree of proof required for conviction, "but only requires that the jury shall be satisfied beyond a reasonable doubt by evidence of either the one character or the other, or both". We think that there was no error, and certainly there was no prejudicial error, in the giving of this instruction. The case was being submitted to the jury at the close of a trial which included two indictments—the one which has been discussed herein, and another which included a charge of attempted grand theft, of which defendant was found not guilty, and a charge of bribery, of which defendant was found not guilty. It further appears that the court gave to the jury specific instructions concerning the evidence necessary to establish a violation of said section 653f, and included therein a direct quotation of the statement therein that "such offense must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances".

The judgment, and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 1, 1934.