[Crim. No. 3439. Second Dist., Div. Two.—May 16, 1941.]

THE PEOPLE, Respondent, v. MIKE MARVICH, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WOOD, Acting P. J.—Appellant was charged by information with the crime of robbery, in that on or about March 31, 1940, he feloniously and forcibly took from the person of Chester E. Slocum the sum of $2,300, he being armed with a deadly weapon at the time of the commission of the offense. Appellant was also charged by information, together with

one James W. Gibbons, with the crime of robbery in that on or about June 30, 1940, appellant and Gibbons feloniously and forcibly took from the person of Virgil White the sum of $850, appellant being armed with a deadly weapon at the time of the commission of the offense. In both informations appellant was charged with the prior conviction of a felony, which charge he admitted. At a jury trial appellant was found guilty on both charges of robbery and he has appealed from the judgment of conviction and from the order denying his motion for a new trial.

The two victims, Slocum and White, were partners in the distribution of the Los Angeles Examiner in the city of Long Beach, their place of business being at 338 East Third Street. At about 6:25 P. M. on March 31, 1940, appellant entered the place of business of Slocum and White, dressed in a sailor's uniform. At the point of a revolver he compelled Slocum to open the safe and to put money from the safe into a small suitcase which appellant placed on the floor. The amount taken by appellant on that occasion was $2,357. At about 1:30 P. M. on June 30, 1940, appellant and Gibbons went to the same establishment and found present Virgil E. White and several other persons. At the point of a revolver they were ordered to "get back to the counter and lay down on the floor". The robbers compelled one of the victims to open the safe and to dump money from it into a bag. The sum of $983 was taken at this time.

▇ Appellant contends that the court erred in consolidating the two informations for trial, claiming that sections 954 and 1098 of the Penal Code do not permit the consolidation of an action in which one defendant is named with another action in which two defendants are named. The appellant is not now in position to seek a reversal on this ground. The record shows that the two actions were consolidated by stipulation of counsel, and appellant permitted the trial to proceed after consolidation without presenting any objection. Manifestly he has waived the privilege of a separate trial.

▇ Appellant contends that the witness Edward Black was an accomplice (which is denied by the prosecution), and that the trial court erred in failing of its own motion to give an instruction to the jury that a conviction cannot be had upon the uncorroborated testimony of an accomplice. There was no occasion for the giving of this instruction, for there was

an abundance of evidence to sustain the conviction without the testimony of the witness Black. The victims identified appellant as a participant in each robbery.

 It is claimed by appellant that the court erred in giving to the jury the definition of the word "wilfully" in the language of section 7, subdivision 1, of the Penal Code, as follows: "The word 'wilfully', when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." It is argued that in the crime of robbery a specific intent to steal must be proved and that the language of the code section was confusing to the jury. The rights of appellant could not possibly have been prejudiced by the giving of the instruction, for there can be no question whatever but that the party or parties who took the money in question from the two victims intended to steal it. Appellant did not claim at the trial and does not claim now that the money was not stolen from Slocum and White. On the other hand, his defense was that of an abili and he claims that he took no part in the robbery. Clearly no miscarriage of justice has resulted from the giving of the instruction in question.

 Complaint is made of the refusal of the court to instruct the jury that in case of two theories, one pointing to innocence and the other to guilt, they should adopt the theory pointing to innocence. Such an instruction might be applicable to a case where the evidence is circumstantial, but where, as here, the evidence is direct there is no occasion for giving the instruction. (*People* v. *Ortiz,* 63 Cal. App. 662, 667 [219 Pac. 1024].)

 Appellant complains of the failure of the court to give certain instructions which he requested on the subject of his alibi, but we find that the court properly covered the subject and instructed the jury that appellant was entitled to an acquittal if the evidence of his alibi raised a reasonable doubt in the minds of the jury of appellant's guilt. Appellant asserts that the following instruction given by the court is erroneous: "The court instructs you that it is not incumbent upon the defendant to establish an alibi by testimony amounting to proof of such alibi, by a preponderance of the evidence or beyond a reasonable doubt, in order to require of you the

defendant's acquittal. It is only necessary that the evidence introduced by the defendant in order to establish his alibi be of such weight as to convince you to the extent that you have a reasonable doubt that the defendant was present or took part in the commission of the offense charged. Therefore, if after you consider the evidence of the defense pertaining to the defendant's alibi, you have a reasonable doubt that the defendant was present at the commission of the offense or took part therein in any way, then you must find the defendant not guilty, even though you still have a suspicion of the defendant's innocence." Appellant is not in position to complain of the giving of this instruction, for the record discloses that it was given at his own request.

Appellant contends that the court erred in failing to give the following instruction: "In considering the weight and effect to be given to the evidence of the defendant, you may consider his manner and probability of his statements taken in connection with all the evidence in the case; and in judging of the defendant who has testified before you, you are duty bound to presume he has spoken the truth, and, unless that presumption has been legally rebutted, his evidence is entitled to full credit. If his testimony, standing alone or taken in connection with other facts and circumstances 'of the case, raises a reasonable doubt in your minds as to his guilt, it will be your duty to act upon that doubt and acquit him." The court correctly gave general instructions on the subject of the credibility of witnesses. It has been repeatedly held that the trial court need not single out the testimony of the defendant and give instructions with particular reference to it. (See *People* v. *Barnett*, 99 Cal. App. 409 [278 Pac. 885]; *People* v. *Kahn*, 92 Cal. App. 534 [268 Pac. 701]; *People* v. *Heath*, 79 Cal. App. 20 [248 Pac. 1027]; *People* v. *Adams*, 199 Cal. 361 [249 Pac. 186]; *People* v. *Harris*, 128 Cal. App. 44 [16 Pac. (2d) 688]; *People* v. *Miller*, 68 Cal. App. 758 [230 Pac. 191]; *People* v. *Langlois*, 68 Cal. App. 610 [230 Pac. 13].)

Errors are claimed in other instructions given by the court but we find that they are not of sufficient importance to call for detailed discussion herein. The principles involved in these instructions have been approved in numerous decisions of the reviewing courts of California. The court fully and

fairly covered all of the points involved in its instructions to the jury.

It is claimed that the district attorney was guilty of misconduct in his address to the jury and in propounding questions to certain witnesses. During the trial appellant did not request the court to instruct the jury to disregard the remarks or the conduct of the district attorney, and therefore, under the well established rule, appellant is not in position to demand a new trial on this ground. (*People* v. *Berryman,* 6 Cal. (2d) 331, 337 [57 Pac. (2d) 136].) Even if it be considered that the prosecutor overstepped the bounds of propriety, his conduct was not of such character that the harmful effect could not have been cured by an instruction from the court.

The judgment and the order denying a new trial are affirmed.

McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1941. Carter, J., voted for a hearing.