[No. 32214.   Department One.   April 28, 1953.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL AMERICK,
*Appellant*.[1]

[1]Reported in 256 P. (2d) 278.

*Geo. W. Young,* for appellant.

*Delbert R. Scoles* and *Phillip P. Skok,* for respondent.

MALLERY, J.—Defendant was convicted of placing an explosive in a car so as to endanger Rosa Americk and Arthur Richards.

On March 13, 1952, defendant and one Reeder decided to do some blast fishing. Defendant made a crude bomb by inserting sticks of dynamite in a tin can. Reeder had stolen the dynamite from the mine where they worked. Defendant and Reeder went down town in defendant's car. As they passed the Colville Hotel tavern, defendant noticed Arthur Richards' car parked in front of it. He became angry because Richards was out with his former wife, from whom he had been divorced since October 5, 1951, and said he was going to blow up the car. He drove to a nearby service station and purchased a gallon of gasoline. The station attendant loaned him a can for it. Defendant put a roll of toilet tissue, a towel, and an army overseas cap into the gasoline can. He told Reeder to take the car home, and then left carrying the gasoline and the dynamite bomb.

Rosa Americk and Arthur Richards came out of the tavern and went to Richards' parked car, where she noticed the dynamite bomb and threw it into the street. Richards was attempting to kick it away from the car when it exploded. The service station attendant identified a can of gasoline found in the rear of Richards' car, after the explosion, as similar to the one he had loaned to defendant. Defendant was seen, immediately after the explosion, going into the back entrance of a tavern about a block away.

Defendant assigns as error the admission in evidence of the testimony of Rosa Americk, his former wife, as to beatings he had inflicted upon her during their marriage. He contends that this evidence is not admissible, because it is a privileged communication under the purview of RCW 5.60.060 [cf. Rem. Rev. Stat., § 1214].

The Washington rule regarding the marital privilege is as stated in *State v. Snyder,* 84 Wash. 485, 147 Pac. 38:

"The divorced wife was a competent witness against the appellant, except as to communications made by one to the other during the marriage. . . .

" 'Any communication,' as mentioned in the statute, means confidential communications, or such as are induced by the marriage relation."

As to what are communications to which a divorced wife cannot testify against her husband, the court in *State v. Robbins,* 35 Wn. (2d) 389, 213 P. (2d) 310, said:

"However, there are circumstances under which testimony as to an act of the other spouse is clearly protected by the statutory privilege. Where the act is one which would not have been done by one spouse in the presence of, or with the knowledge of, the other but for the confidence between them by reason of the marital relation, testimony as to such act is inadmissible."

58 Am. Jur. 226, § 387, states:

"According to some authorities, violence, actual or threatened, by one spouse directed at the other, and menacing conduct are not within the rule as to privileged communications."

10 A. L. R. (2d) 1411, states:

"A spouse's testimony as to acts or cruelty or abuse is admissible on the ground that no confidential communication is involved, or that the information was not gained as a result of the marital relation."

It is the general rule that the beating of one spouse by the other is not induced by confidence incident to the marital relationship. The assignment of error is without merit.

Defendant contends that Rosa Americk's testimony about the beatings is incompetent because it relates to other crimes.

The Washington rule is stated in *State v. Goebel,* 40 Wn. (2d) 18, 240 P. (2d) 251, as follows:

"The rule, amply documented in our previous opinion involving this appellant, is that a defendant must be tried for the offenses charged in the indictment or information, and

that evidence of unrelated crimes may not be admitted. . . . certain exceptions to this rule of exclusion have developed. These exceptions are to show (1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity. This list of exceptions is not necessarily exclusive, the true test being whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged."

See, also, *State v. Brown,* 31 Wn. (2d) 475, 197 P. (2d) 590, 202 P. (2d) 461; and *State v. Salle,* 34 Wn. (2d) 183, 208 P. (2d) 872.

2 Wigmore on Evidence (3d ed.) 287, § 367 (3) says:

"Prior acts of violence by the defendant against the same person, besides evidencing intent, may also evidence *emotion or motive, i.e.* a hostility showing him likely to do further violence."

In *People v. Bates,* 271 App. Div. 550, 67 N. Y. S. (2d) 1, the defendant was charged with arson. He set fire to a house in which his wife and child were sleeping. The trial court admitted evidence of cruel and violent treatment inflicted by defendant upon his wife, commencing three years prior to the date of the crime for which he was being tried. The court, in holding such evidence admissible, said:

"Motive and specific intent must often be proven by circumstantial evidence. Although there is the general rule . . . that ordinarily there must be excluded . . . proof of crimes other than that on which the defendant is being tried, there is the excepting rule that the general prohibition against such proof of other crimes falls when it becomes necessary to show motive and intent, and especially when such motive and intent cannot be proven by direct evidence."

*State v. Guerzon,* 23 Wn. (2d) 242, 160 P. (2d) 603, quoted with approval *People v. Colvin,* 118 Cal. 349, 50 Pac. 539, as follows:

" 'To indicate the state of mind of the defendant at the time of the killing, the prosecution is always entitled to show any previous difficulties or troubles that have arisen between the parties, and this showing is not limited to physical encounters, . . . and this character of evidence is admissible, however much it may tend to disgrace and injure the defendant in the estimation of the jury.' "

See, also *State v. Kritzer,* 21 Wn. (2d) 710, 152 P. (2d) 967.

The admission of the evidence of former beatings was not error.

■■ The trial court in ruling on the admission of Rosa Americk's testimony, said:

"The ex-wife of the defendant is a *competent* witness as to conversations had with or transactions by the defendant,"

Defendant contends the foregoing statement caused the jury to infer that the trial court thought Rosa Americk was a credible witness. We think otherwise. To neither attorney or layman is the word "competent" susceptible of such an interpretation.

In *State v. Rio,* 38 Wn. (2d) 446, 230 P. (2d) 308, we held:

"To be a comment on the evidence within the purview of the constitutional prohibition, the jury must be able to infer from what the court said or did that he personally believed or disbelieved the testimony in question. *State v. Brown,* 19 Wn. (2d) 195, 142 P. (2d) 257; *State v. Hart,* 26 Wn. (2d) 776, 175 P. (2d) 944; and *State v. Clayton,* 32 Wn. (2d) 571, 202 P. (2d) 922."

The trial court not having indicated an attitude toward the credibility of the witness in the statement complained of, it does not constitute error.

The judgment is affirmed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

---

June 15, 1953. Petition for rehearing denied.