Filed 3/2/16  P. v. Ruano CA6
Received for posting 3/3/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD RUANO,<br><br>    Defendant and Appellant. | H041200<br>(Monterey County<br>Super. Ct. No. SS101367A)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on February 11, 2016 be modified as follows:

On page 6, delete second complete sentence in the first partial paragraph and replace it to read, "A remand is therefore warranted in this consolidated case, to give the court an opportunity to reconsider and impose a single restitution fine, pursuant to the applicable version of section 1202.4, subdivision (b)(1)."

There is no change in judgment.  The petition for rehearing is denied.


Dated:_____        _____

                                         ELIA, ACTING P.J.


_____        _____
BAMATTRE-MANOUKIAN, J.                              MIHARA, J.

Filed 2/11/16  P. v. Ruano CA6 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041200 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS101367A) |
| v. | |
| EDWARD RUANO, | |
| Defendant and Appellant. | |

Defendant Edward Ruano appeals from a judgment entered upon his convictions on drug-and weapons-related charges.  He contests only the orders made at his sentencing hearing.  Defendant argues that the court violated Penal Code section 654[1] by failing to stay punishment on one of his convictions for carrying a firearm.  He further contends that the court imposed an excessive restitution fine and erroneously denied him "Proposition 36 probation" under section 1210.1 for his drug possession offenses.  We agree that error occurred in the imposition of multiple restitution fines, and accordingly must reverse the order.

*Background*

Over four days in February 2014, defendant was tried by the court on consolidated charges that arose in three cases in 2010, 2012, and 2013.  The court found defendant

---

[1] All further statutory references are to the Penal Code except as otherwise indicated.

guilty of counts 2 and 5, possession of methamphetamine on May 22, 2010 and June 22, 2013, respectively, in violation of Health and Safety Code section 11377, subdivision (a). Defendant was also found in count 3 to have had a concealed firearm (a 9mm Taurus handgun) on his person, a felony under section 25400, subdivision (a)(2), on December 18, 2012; and in count 4 he was found to have carried a loaded firearm (the same gun) on the same date, in violation of section 25850, subdivision (a). The court also found true enhancement allegations in counts 3 and 4 that defendant was not the registered owner of the gun (§ 25400, subd. (c)(6); 25850, subd. (c)(6)) and in each of counts 3, 4, and 5 that he committed the offense while on bail (§ 12022.1, subd. (b).) Count 1 had previously been dismissed, and the court found defendant not guilty on four misdemeanor drug charges.

Counts 3 and 4[2] arose from the December 18, 2012 detention of defendant and his two companions and a search of the vehicle defendant had been driving. After approaching the occupants, sheriff's deputy Rafael Garcia spotted a methamphetamine pipe in the car. When defendant repeatedly tried to reach into his front pants pocket, Deputy Garcia instructed his partner, Officer Gibson of the Salinas Police Department, to pat-search defendant. As he did so, Officer Gibson retrieved a handgun in a holster under the waistband of defendant's pants.

At sentencing on May 20, 2014, the court suspended imposition of sentence and ordered "four grants of felony probation"—that is, three years of "felony probation on each of those four counts." The terms of defendant's probation included a restitution fine of $300 *per count*, pursuant to section 1202.4, subdivision (b). Also ordered was a $300 restitution fund fine, which was "imposed, but suspended, on each count." For counts 2

---

[2] The details of the facts underlying the remaining counts are not material to the issues raised on appeal.

and 5, the court denied defendant's request for treatment as a probation condition under section 1210.1, or "Proposition 36 probation." Finally, the court ordered defendant to serve two concurrent terms of 16 days in jail. Defendant filed a timely notice of appeal.

*Discussion*

1. *Section 654 Application to Counts 3 and 4*

Section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." In this case, defendant focuses on the $300 restitution fine, which was imposed for *each* of the four counts. Defendant contends that the trial court violated section 654 by failing to stay punishment on count 4 as both counts 3 and 4 involved the single act of carrying a loaded firearm in a holster under his waistband. Accordingly, he argues, the sentence and restitution fine on this count should be stayed.

The People implicitly concede, as they must, that counts 3 and 4 constituted the same act of possessing the same firearm on the same occasion. Instead, they argue that because the trial court suspended imposition of sentence, "[t]here was no 'punishment' to stay under section 654." The jail term and restitution fine, the People maintain, were only conditions of probation and therefore were not subject to section 654.[3]

The People's position echoes a similar argument made in *People v. Tarris* (2009) 180 Cal.App.4th 612 (*Tarris*). There the defendant was convicted of unlawful disposal of hazardous waste and unlawful transportation of hazardous waste in violation of Health and Safety Code section 25189.5, subdivisions (b) and (c), and he was fined under

---

[3] The 16-day jail term has not generated discussion by either party, apparently because defendant received credit for time served.

subdivision (e) of that section as a condition of probation. On appeal, Tarris argued that section 654 precluded restitution fines on both counts because they were committed with a single intent and objective. The People countered, as they do here, that section 654 was inapplicable because the defendant's sentence was suspended and the fines were imposed as conditions of probation.

The Court of Appeal, Fourth District, Division Two, agreed with Tarris: "Since by law, under Penal Code section 654, the court cannot impose multiple punishment for a single act, and fines constitute punishment (*People v. Hanson* (2000) 23 Cal.4th 355, 361-362), the trial court could not fine defendant under [Health and Safety Code] section 25189.5, subdivision (e), for the same act or course of action under Penal Code section 654, even if the court ordered payment of the fines as a condition of probation under a suspended sentence. Therefore, the court improperly imposed a restitution fine under [Health and Safety Code] section 25189.5, subdivision (e), for both counts 1 and 2." (*Tarris*, *supra*, 180 Cal.App.4th at p. 628, citing *People v. Hanson*, *supra*, at pp. 361-363 [restitution fines constitute punishment subject to bar of double jeopardy upon resentencing].)

We have no reason to depart from the holding in *Tarris*; but even if we found section 654 inapplicable, the order is nonetheless defective under section 1202.4. Of course, the amount of a restitution fine is within the trial court's discretion, commensurate with the seriousness of the offense. (Former § 1202.4, subd. (b)(1); *Hanson*, *supra*, 23 Cal.4th at p. 362.) Having consolidated three separate cases, the court then tried a single case in a single proceeding. Section 1202.4, subdivision (b), however, makes *a* restitution fine mandatory "in every case"—not, as the sentencing court imposed it, for every count. Accordingly, there should have been only one order of probation and only one restitution fine, imposed in an amount determined in the court's discretion. (Compare *People v. Sencion* (2012) 211 Cal.App.4th 480, 483 [error to impose restitution fine and a parole revocation restitution fine *as to each count*] and *People v. Ferris* (2000)

4

82 Cal.App.4th 1272, 1277-1278 [only one set of restitution fines compelled where cases had been charged in separate informations and not formally consolidated, but were jointly tried and sentenced] with *People v. Enos* (2005) 128 Cal.App.4th 1046, 1049 (*Enos*) [absent consolidation or even joint trial, multiple restitution fines permissible and nonprejudicial] and *People v. Schoeb* (2005) 132 Cal.App.4th 861, 864 [concurring with *Enos*]; see also *People v. Soria* (2010) 48 Cal.4th 58, 63-66 [absent consolidation, cases separately filed though resolved jointly "remain formally distinct for purposes of the restitution statutes" for purposes of sentencing and thus defendant is subject to restitution fine in each].)

Moreover, it appears from the record—and the parties implicitly infer—that the court intended to impose the *minimum* restitution fine per count. At the time of sentencing, that amount was $300. (§ 1202.4, subd. (b)(1).) The parties both recognize one of the errors in this order: When defendant committed his offenses, the minimum restitution fines were less than $300. The lowest fine applicable was the one pertaining to his 2010 possession of methamphetamine (count 2), which carried a mandatory minimum of $200. (Former § 1202.4, subd. (b)(1), Stats. 2009 ch. 454, § 1, p. 2483.)[4]

We cannot assume, however, that but for its error the court would have imposed a fine of only $200; by the same token we cannot simply find the error nonprejudicial, as did the court in *Enos*, *supra*, 128 Cal.App.4th at p. 1050. Here even the People seek a reduction in the fine, though their suggestion diverges from the modified amount proposed by defendant—$880 according to the People, and $720 according to defendant.[5]

---

[4] The minimum fine applicable to counts 3 and 4, which occurred in 2012, was $240, while in 2013 the statutory minimum was $280. (§ 1202.4, subd. (b)(1).)

[5] We also do not infer that the court intended to apply the formula set forth in former section 1202.4, subdivision (b)(2), because that calculation calls for a multiplication of the minimum amount ($200) by the number of years the defendant is ordered to serve in prison, multiplied by the number of counts of which he was convicted.

5

It is unclear whether the court would have imposed any amount less than $1,200 had it been fully informed of the parameters of its discretion. A remand is therefore warranted in this consolidated case, to give the court an opportunity to reconsider and impose a single restitution fine, which must be between $200 and $10,000, pursuant to the 2010 version of section 1202.4, subdivision (b)(1).

2. *Proposition 36 Probation*

In response to defense counsel's request, the court asked the probation department to "look into the option of Proposition 36 treatment under . . . section 1210" for counts 2 and 5, the violations of Health and Safety Code section 11377 in 2010 and 2013, respectively. At sentencing, having received the probation officer's report, the court found defendant not to be a "suitable candidate for" or "amenable to" treatment under Proposition 36. The court apparently relied in part on the sentencing report of the probation officer, who found defendant to be resistant to any acknowledgment of his substance abuse.[6]

---

[6] In the probation officer's view, it was "strongly evident that the defendant is determined to deny his substance abuse and illegal activity. He was antagonistic and expressed a great deal of resentment toward law enforcement. In conjunction with the defendant's emphasis on, and repeated claim of tactical law enforcement training, this officer has serious concerns about this defendant remaining in the community as an untreated methamphetamine user, who has a history of firearm possession and firearm training. [¶] Although there is an apparent need for a long-term treatment, a Proposition 36 Probation recommendation for the drug offenses might have been appropriate if the defendant had been able to express a willingness to address the issue. However, he is clearly not amenable to the less restrictive drug and alcohol treatment which would be offered under normal Prop 36 supervision. His use of drugs in conjunction with his possession of weapons near the drugs is simply unacceptable on any level. The probation officer therefore recommended a "lengthy jail sentence" to give defendant "the message [that] he is not fooling anyone, and [that] any further criminal conduct will be dealt with immediately and decisively."

Defendant contests that finding, asserting that "Prop 36 probation" was mandatory under section 1210.1. We disagree. As the People point out, defendant was convicted of two felonies in the same proceeding, which made him ineligible for Proposition 36 treatment under the exception listed in section 1210.1, subdivision (b)(2). That provision disqualifies a defendant from Proposition 36 drug treatment if he or she "has been convicted in the same proceeding of a misdemeanor not related to the use of drugs *or any felony*." (§ 1210.1 subd. (b)(2), italics added.) Both parties cite *People v. Barros* (2012) 209 Cal.App.4th 1581, 1596, where the Court of Appeal, First District, Division Five, held that the statutory words "same proceeding" were ambiguous but nonetheless were applicable to offenses *properly* joined and not subsequently dismissed.

Defendant attempts to distinguish *Barros*, arguing that in his case, counts 3 and 4 (the firearm counts) were not properly joined under section 954, because the drug possession counts (2 & 5) were "of a different class" from the firearm possession counts (3 & 4) and "resulted from nonviolent conduct that was in no way connected to" the firearm counts. Having failed to demur or object to consolidation, however, defendant forfeited this contention. (*People v. Marvich* (1941) 44 Cal.App.2d 858, 860; cf. *People v. Jenkins* (2000) 22 Cal.4th 900, 949.)

In any event, consolidation was proper here. Section 954 permits the prosecution to "charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated." It cannot be overlooked that "[b]ecause consolidation ordinarily promotes efficiency, the law prefers it." (*People v. Ochoa* (1998) 19 Cal.4th 353, 409; cf. *People v. Soper* (2009) 45 Cal.4th 759, 771-772.)

The amended information in this case resulted from three separate pleadings. The first (Monterey County Superior case No. SS101367A), filed January 4, 2011, charged

defendant with both drug offenses and firearm offenses. All were alleged to have been committed on the same day, May 22, 2010, in the course of a vehicle stop.[7] The second (Monterey County Superior case No. SS130042A), filed June 3, 2013, again accused defendant of both drug and firearm offenses committed on December 18, 2012, discovered during an investigation of defendant's parked vehicle.[8] The third information (Monterey County Superior case No. SS131330A), filed November 5, 2013, charged only drug offenses committed together on June 22, 2013, arising from a vehicle search and an examination of defendant for being under the influence.[9] Each of the three accusatory pleadings thus qualified as charging multiple offenses "connected together in their commission"; and the court was then authorized under the statute to combine them into a single amended information. No abuse of discretion occurred in the court's selection of the judicially efficient option of trying the three cases together. (See *Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1220 [abuse of discretion shown only if consolidation or denial of severance falls outside the bounds of reason and defendant makes clear showing of prejudice]; accord, *People v. Merriman* (2014) 60 Cal.4th 1, 37.)

---

[7] Defendant was charged in SS101367A with having a concealed firearm in a vehicle (Former § 12025, subd. (a)(1)), transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), driving with a suspended license for driving under the influence (Veh. Code, § 14601.2, subd. (a), a misdemeanor), and possession of marijuana (Health & Saf. Code, § 11357, subd. (b), a misdemeanor).

[8] The information in SS130042A accused defendant of carrying a concealed firearm on his person (§ 25400, subd. (a)(2), carrying a loaded firearm (§ 25850, subd. (a)), and possession of controlled substance paraphernalia (Former Health & Saf. Code § 11364.1, subd. (a), a misdemeanor).

[9] The information in SS131330A charged defendant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and two misdemeanors, being under the influence of a stimulant (Health & Saf. Code, § 11550, subd. (a)) and possession of drug paraphernalia (Former Health & Saf. Code § 11364.1, subd. (a)).

*Disposition*

The judgment is reversed.  Sentence on count 4 is stayed under section 654, and the matter is remanded to permit the court to exercise its discretion in setting the amount of the restitution fine, consistently with section 1202.4, subdivision (b)(1).

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.


_____

MIHARA, J.


*The People v. Ruano*
H041200