[Crim. No. 9197. Second Dist., Div. Two. Jan. 27, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. SHIRLEY
LOUISE BLYTHE, Defendant and Appellant.

Metkovich & Carsola and George Metkovich for Defendant
and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier,
Assistant Attorney General, for Plaintiff and Respondent.

ROTH, J.—The evidence in this case is ample to sustain
beyond a reasonable doubt a finding of violation of section
23101 of the California Vehicle Code (felony drunk driving).

The jury did bring in a verdict of "guilty" and from the judgment entered thereon this appeal is taken.

Prior to the submission of the case to the jury, defendant requested, in which request the prosecution joined, an instruction advising the jury that it could find defendant guilty of a lesser offense, to wit: a violation of section 23102 of the same code (misdemeanor drunk driving), which was necessarily included within the offense charged. The court refused the instruction. Defendant asserts such refusal is reversible error. We agree.

Penal Code section 1159 provides: "The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." There is no doubt that it is the court's duty to instruct on any included offense on which there is evidence. (*People* v. *Mora,* 139 Cal.App.2d 266, 274 [293 P.2d 522].) Failure to give such an instruction is prejudicial error. (*People* v. *Brown,* 131 Cal.App.2d 643, 659 [281 P.2d 319].)

 We understand that jury instructions should be responsive to the issues and that generally the issues in a criminal case are determined by the evidence. (*People* v. *Carmen,* 36 Cal.2d 768, 773 [228 P.2d 281].) And too ". . . it is proper to refuse an instruction as to a lesser offense or degree included in the offense charged where the evidence warrants a conviction if at all, *only* for the higher offense or degree." (Italics added.) (*People* v. *Cota,* 53 Cal.App.2d 455, 456 [127 P.2d 1010]; *People* v. *Thomas,* 58 Cal.2d 121, 127 [23 Cal.Rptr. 161, 373 P.2d 97].)

 In a trial such as the case at bar the moment a plea of "not guilty" is entered and irrespective of whether defendant takes the witness stand, there are present in the case two presumptions which are evidence, one of innocence and the other that the defendant was exercising due care. In addition, defendant testified: "I believe - I'm not quite sure about this at all, but I believe I was in the right hand (lane)."

The felony charge in the case at bar required proof that (a) defendant was driving while drunk; (b) that other than just being drunk defendant did or omitted to do an act forbidden or required by law, and (c) that the commission of the forbidden or the omission of the required act "proximately caused bodily injury to another person. . . ." (Cal. Veh. Code, § 23101.)

Section 23102 provides: "It is unlawful for any person who is under the influence of intoxicating liquor ... to drive a vehicle upon the highway."

The facts show a rear end collision and abundant though the evidence is to prove all the elements of the felony charge above outlined, and necessarily all the ingredients to convict under section 23102, the evidence is not so demonstrable as to preclude the probability of a sudden stop or a deceleration of speed or a change of lane by the victim's car (to mention just a few probabilities). If any of those things did happen, then the collision could have been proximately caused by the victim.

In any event, there can be no doubt that the evidence in the case at bar would without question have warranted a conviction for violation of section 23102 (misdemeanor drunk driving). Whenever the record is thus—"... it has, for example, been held in prosecutions for murder that it is error to fail to give an *unrequested* instruction on manslaughter where the facts of the case would warrant a verdict of guilt as to such offense." (Italics added.) (*People* v. *Lewis,* 186 Cal.App.2d 585, 598 [9 Cal.Rptr. 263].)

If the requested instruction had been given, the jury would have had a choice on the facts of finding defendant guilty of felony drunk driving or of misdemeanor drunk driving, or not guilty. There is no doubt that if the case were tried by the court without a jury, the judge on the facts would have had one of three choices instead of one of two. The jury should have been told it had the same right.

Judgment is reversed.

Fox, P. J., and Herndon, J., concurred.