[Civ. No. 20925. Third Dist. Jan. 29, 1982.]

PETER DARWYN SYLVIA, Petitioner, v.
THE SUPERIOR COURT OF TRINITY COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

310

## COUNSEL

Paul Centolella and Carol Strickman for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Robert D. Marshall, Deputy Attorney General, for Real Party in Interest.

## OPINION

EVANS, Acting P. J.—In a single count[1] Peter Sylvia was accused of felony drunk driving (Veh. Code, § 23101). The trial jury decided he was not guilty of the charged offense, but apparently could not agree on the lesser included offense of misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)). The petition for an extraordinary writ presents the question, does acquittal on the charge of felony drunk driving prohibit retrial of the lesser included offense (not separately charged) of misdemeanor drunk driving? We conclude it does.

---

[1]The defendant's acquittal of a separate charge of arson (Pen. Code, § 451, subd. (d)) is not material to the matter presented by the writ petition.

The case was submitted to the jury for deliberation on the felony drunk driving charge and the uncharged offense of misdemeanor drunk driving. The jury was given separate verdict forms for the offense charged, the uncharged misdemeanor offense, and one of not guilty. The unanimous not guilty verdict was recorded. The judge then questioned the jury about possible further deliberations on the included misdemeanor offense; they indicated further deliberations would not be productive and were discharged. An amended information was then filed bearing the same superior court case number, but charging a violation of Vehicle Code section 23102, subdivision (a), a misdemeanor.

■ The court rejected defendant's plea of former jeopardy and scheduled the matter for trial. This writ followed.

The trial court, in rejecting the plea, relied solely on *Stone* v. *Superior Court* (Cal.App.). On March 11, 1981, the Supreme Court granted a hearing (L.A. 31395), removing that decision from our consideration.

The controlling decisional authority is *Menjou* v. *Superior Court* (1932) 128 Cal.App. 117 [16 P.2d 1007], followed consistently until *Stone* v. *Superior Court, supra.* (See *People* v. *Doolittle* (1972) 23 Cal. App.3d 14, 20-22 [99 Cal.Rptr. 810]; *Magee* v. *Superior Court* (1973) 34 Cal.App.3d 201 [109 Cal.Rptr. 758]; *People* v. *Allen* (1980) 110 Cal.App.3d 698, 702-703 [168 Cal.Rptr. 227].)

In *Menjou*, the defendant was charged with murder. The jury was instructed that it could convict him of either murder or manslaughter or, if it was found he was guilty of neither, it could acquit him; three verdict forms reflecting those instructions were provided. Rather than utilizing the prepared instruction form, the jury executed its own, which found the defendant "not guilty of murder, a felony, as charged . . . ." Following the verdict, the foreman expressed some uncertainty and explained that although the jurors unanimously agreed the defendant was not guilty of murder, their last vote on the lesser included charge had been eight for acquittal and four for conviction. The court thereupon set the matter for retrial on the manslaughter charge, and the jury was discharged. Upon defendant's petition for extraordinary relief, asserting double jeopardy principles, the court granted relief. In analyzing the problem, it first noted that Penal Code section 1023 provided that an acquittal on a charge contained in the information barred any retrial for the charged offense "or for an offense necessarily included therein, of which he might have been convicted under that . . . pleading." The

court adverted to the long-standing rule that the return of a verdict of acquittal bars any retrial, notwithstanding the fact that the verdict resulted from judicial or jury error. The court concluded that further prosecution for the manslaughter charge was barred. (See *Menjou* v. *Superior Court, supra,* 128 Cal.App. at pp. 120-122.)

In *People* v. *Allen, supra,* 110 Cal.App.3d 698, adverted to by the People, a vital distinction is noted, which in that case rendered *Menjou* inapplicable. In *Allen,* the prosecution and defense invited the court to request partial verdicts and, where unanimous, to record them and enter mistrials as to those counts upon which the jury could not agree.[2]

At that time the parties also agreed that if the district attorney chose to reprosecute on the lesser offense of manslaughter, he could do so.

Such a distinction is not here present. The long-standing rule is that a jury finding of not guilty of the crime charged includes a determination that the defendant is not guilty of any included uncharged offenses. That rule is controlling in this instance. (*Menjou* v. *Superior Court, supra,* 128 Cal.App. 117; *People* v. *Doolittle, supra,* 23 Cal.App.3d at pp. 19-20; *People* v. *Blythe* (1964) 224 Cal.App.2d 348, 350 [36 Cal.Rptr. 606].)

Let a writ of prohibition issue precluding the retrial of Sylvia on the lesser included offense of misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)). The order to show cause is hereby discharged.

Reynoso, J., and Warren, J.,* concurred.

---

[2]In the absence of a stipulation by the parties as in *Allen,* it is inappropriate for the court to solicit partial verdicts or to inquire how the jury stands numerically and which way on lesser included offenses. The fact that the trial court does so, alone, constitutes grounds for issuance of a writ of prohibition. (*Magee* v. *Superior Court, supra,* 34 Cal. App.3d 201.)

*Assigned by the Chairperson of the Judicial Council.