[No. A052560. First Dist., Div. Four. Sept. 10, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
AARON MAURICE COLEMAN, Defendant and Appellant.

494

COUNSEL

Deborah Tuttelman for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Mary A. Roth, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

PERLEY, J.—Aaron Maurice Coleman (appellant) appeals from a judgment of conviction upon a jury verdict finding him guilty of second degree murder (Pen. Code, § 187). The jury also found that appellant was an ex-felon in possession of a firearm and that he had suffered two prior convictions (Pen. Code, §§ 12021, 667, 667.5, subd. (b)). We reverse the judgment because the trial court failed to grant a mistrial on the ground of legal necessity.

FACTUAL BACKGROUND

Following defense counsel's opening statement and after one of the People's witnesses had begun testifying, appellant moved to substitute counsel pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465

P.2d 44]. Appellant told the court that he wanted new counsel appointed because his defense counsel had misstated the evidence in her opening statement. He also said that if he testified, the jury would perceive him as a liar because of defense counsel's statement.[1] In a further hearing on the *Marsden* motion, defense counsel objected to the *Marsden* motion and urged the court to grant a mistrial arguing that a mistrial was the appropriate remedy given her misstatement of the evidence in the opening statement. The trial court took both motions under submission and proceeded to hear additional evidence in the trial. After the People's first and second witnesses completed their testimony, the trial court ruled on appellant's motions. The trial court granted the *Marsden* motion and denied the mistrial motion without prejudice.

Substitute counsel was appointed for appellant. The trial court continued the matter for several days. Appellant then made another *Marsden* motion which was denied. The trial court thereafter granted a two-week continuance to permit appellant's new counsel to prepare for trial.

Trial resumed as scheduled. After the People rested, appellant moved for a mistrial. Defense counsel argued that the opening statement by his predecessor necessarily undermined his position in the defense in this case. "I cannot avoid the situation where the prior counsel told the jury one thing. If I say something to the alternative, the natural presumption will arise in the jury's mind as to what happened and who was telling [what to whom] and maybe that the Defendant in fact has changed his story between Defense Counsel." Defense counsel also contended that the three-week delay between the inception of the trial and its resumption necessarily made it difficult for the jury to follow the case. The court asked appellant if he wanted to discharge this jury for another jury to hear the case. Appellant responded that he did not understand what the court was saying. The court explained: "Well, the question of whether or not I discharge this jury relates to your right to have—not to be placed in jeopardy twice. If you don't understand that you have a right to give up that, the right to have this jury discharged and another jury hear it, then for want of an understanding of that right, you can't waive it." The prosecutor argued that the court could not grant a mistrial unless appellant specifically asked for one. The court denied the motion, reasoning that appellant had not waived his right against double jeopardy. The court

---

[1] In her opening statement, defense counsel stated that appellant pointed the gun at Jose Alvarez, the bouncer at Mugg's, a nightclub in Castro Valley, and that when Alvarez made a sudden move, appellant pulled the trigger of the gun. Defense counsel urged the jury to return a verdict of manslaughter. Appellant informed the court during the course of the hearing on the *Marsden* motion that he did not point the gun at Alvarez. At trial, he testified that when he withdrew the gun it somehow went off; that he did not aim the gun or pull the trigger; and that the gun fired accidentally.

then granted appellant's motion to strike the opening statement given by his first defense counsel.

Prior to the presentation of the defense case, the court admonished the jury to disregard the prior opening statement of counsel. The court instructed: "You are to put it out of your mind and disregard it. You are not even to discuss or consider it during jury deliberation." Defense counsel then gave his opening statement in which he argued that the evidence would show that during the course of a confrontation with the bouncers at Mugg's, a bouncer, who was banging his flashlight, lunged at appellant who pulled out a gun which fired accidentally.

The evidence at trial showed that appellant shot at a bouncer at Mugg's and missed him, instead killing Tracy White, a 19-year-old woman.

In defense, appellant testified that he had been drinking prior to the shooting and that he was distressed over his father's terminal illness. He was afraid of the bouncer and intended to scare him with the gun. He did not intend to shoot him but the gun fired accidentally.

DISCUSSION

Appellant contends that the trial court erred in denying his motion for a mistrial. He argues that legal necessity required a mistrial when his defense counsel misstated the evidence in her opening statement.

■ It is well settled that legal necessity for a mistrial "arises from an inability of the jury to agree, or from physical causes beyond the control of the court, such as the death, illness, or absence of judge or juror, or of the defendant." (*People* v. *McNally* (1980) 107 Cal.App.3d 387, 390 [165 Cal.Rptr. 715].) The absence of counsel has also qualified as legal necessity for granting a mistrial. (*People* v. *Manson* (1976) 61 Cal.App.3d 102, 202 [132 Cal.Rptr. 265].) In *McNally*, the court held that legal necessity required a mistrial when the defendant's attorney learned on the third day of trial that a conflict of interest existed such that he could no longer represent the defendant. (*People* v. *McNally*, *supra*, at p. 393.) The court concluded that since the conflict could prejudicially affect the defendant's right to effective counsel, the defendant's consent to the mistrial was unnecessary. (*Ibid.*) Because legal necessity required the mistrial, a retrial was not barred. (*Id.* at p. 390.)

■ Here, defense counsel's misstatement of the evidence in her opening statement undermined appellant's credibility and created a conflict of interest. This event caused a breakdown in the relationship between appellant and

his counsel and frustrated the realization of a fair trial. (See *People* v. *Manson, supra,* 61 Cal.App.3d at p. 202.) As in *McNally, supra,* the conflict between appellant and his counsel amounted to legal necessity for a mistrial; appellant's consent was unnecessary.

While the trial court recognized the conflict of interest and hence substituted counsel, that remedy was inappropriate given the facts here. The prejudice to appellant of his prior counsel's opening statement was incalculable. The admonition to the jury to disregard the opening statement of appellant's prior defense counsel could not have cured the harm. As substituted counsel argued below, the jury was understandably left with the impression that appellant had changed stories between defense counsel. Because the trial court erred in denying appellant's motion for a mistrial, we reverse.[2] Since legal necessity required a mistrial under the circumstances present here, retrial is not precluded.

### DISPOSITION

The judgment is reversed, and the information is ordered reinstated.

Poché, Acting P. J., and Reardon, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 25, 1992. Kennard, J., was of the opinion that the petition should be granted.

---

[2] In light of this disposition, we do not reach the other issues advanced by appellant.