[No. B086440. Second Dist., Div. Four. Dec. 4, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY BRANDON, Defendant and Appellant.

**COUNSEL**

Michele A. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

William T. Harter and Uzzi O. Raanan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.*—**Appellant Gregory Brandon was sentenced to four years in prison after he was found guilty in a court trial of first degree burglary. A jury was initially impaneled to decide the matter, but was discharged after appellant's counsel moved for a mistrial for reasons we shall explain more fully in this opinion. Appellant objected to the mistrial. He contends in this appeal that the judgment must be reversed because his attorney deprived him of his constitutional right to effective assistance of counsel when he failed to assert that the second trial was barred by the double jeopardy clause of the Fifth Amendment. After review, we reject this contention and affirm the judgment.

### FACTS

Appellant was charged with having committed a first degree burglary on February 20, 1994. That day was a Sunday. The police report indicated the crime occurred on a Monday. On the second day of jury trial, the prosecutor informed appellant's counsel that the crime occurred on Monday. Appellant's counsel immediately moved for mistrial, but the court granted a day's continuance in the hope that certain witnesses who might establish an alibi defense could be found over the weekend. When court reconvened, appellant's counsel renewed his motion for mistrial, stating that his investigator had found only two of three witnesses. The trial court found that good cause had been shown for a 1-week continuance, and that the People would thereafter be entitled to another 10 days to bring the matter to trial, bringing the possible delay to 17 days. Reasoning that it could not keep the jury waiting for that length of time, the court announced its intention to grant the motion for mistrial. Appellant objected, explaining that he felt if he testified before the existing jury, he would be found not guilty. The court granted the mistrial despite appellant's objection.

Before the second trial began, the trial court offered appellant a maximum sentence of four years if he would waive jury. Appellant elected to waive trial by jury.

Since the evidence of guilt is irrelevant to the issue raised in this appeal, we need not and do not recite it.

*Before Epstein, Acting P. J., Vogel (C. S.), J., and Hastings, J.

## Discussion

The discharge of a sworn jury without a verdict is the equivalent of an acquittal in a criminal case and bars a retrial unless a legal necessity for mistrial existed or the defendant consented thereto. (*Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 712 [87 Cal.Rptr. 361, 470 P.2d 345].) Legal necessity exists where the jury is unable to agree on a verdict and where physical causes beyond the control of the court such as the death, illness or absence of a judge, juror or the defendant make it impossible to continue. (*Id.* at pp. 713-714.) Legal necessity has also been found where it becomes necessary to replace defense counsel during trial due to the disappearance of counsel at a critical stage of trial (*People* v. *Manson* (1976) 61 Cal.App.3d 102, 201, 203 [132 Cal.Rptr. 265]) or the belated discovery by counsel of a conflict of interest. (*People* v. *McNally* (1980) 107 Cal.App.3d 387, 391 [165 Cal.Rptr. 715].) Consent to mistrial may be implied from affirmative conduct, such as moving for mistrial or stating that there is no objection to mistrial, but will not be inferred from silence or simply bringing a matter of concern to the trial court's attention. (*People* v. *Chaney* (1988) 202 Cal.App.3d 1109, 1115-1116 [249 Cal.Rptr. 251]; *People* v. *Compton* (1971) 6 Cal.3d 55, 62 [98 Cal.Rptr. 217, 490 P.2d 537].)

Although the right to request a mistrial or proceed to a conclusion with the same jury is a fundamental right, the law does not require that it be personally waived by an accused, nor does the law require that an accused be admonished concerning the nature of the right. (*People* v. *Allen* (1980) 110 Cal.App.3d 698, 704 [168 Cal.Rptr. 227]; *United States* v. *Dinitz* (1976) 424 U.S. 600, 610 [47 L.Ed.2d 267, 275, 96 S.Ct. 1075].) Accordingly, trial counsel had the right to make that decision as a matter of trial tactics (*People* v. *Moore* (1983) 140 Cal.App.3d 508, 512-514 [189 Cal.Rptr. 487]) even over appellant's objection. (See *In re Horton* (1991) 54 Cal.3d 82, 95 [284 Cal.Rptr. 305, 813 P.2d 1335] [if the right in question has not been determined to be one which requires admonishment and express waiver, it may be waived by counsel, even over the defendant's objection].) Therefore, counsel's request for mistrial is deemed to be appellant's consent.

In light of our conclusion that counsel was authorized to move the court for a mistrial necessitating a new jury, we need not address appellant's contention that the mistrial was not compelled by legal necessity.

Since appellant's counsel consented to the mistrial, appellant did not have a meritorious double jeopardy defense to the second trial. Accordingly,

appellant has not demonstrated that he was deprived of his right to effective assistance of counsel.

The judgment is affirmed.

Appellant's petition for review by the Supreme Court was denied March 14, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.